UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23212-Civ-COOKE/TORRES

STEPHANIE RICHARDS,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a
Foreign Corporation; WILD TOURS SA
DE CV d/b/a WILD TOURS BAJA BUGGYS,
PLAYAS UVA, a Foreign Corporation,

    Defendants.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff, Stephanie Richards ("Richards"), brings this case against the defendants alleging that she was harmed while participating in a shore excursion during a cruise. Before me now is Defendant Carnival Corporation's ("Carnival") Motion to Dismiss Plaintiff's Complaint (ECF No. 9). Richards filed her Response in opposition to Carnival's Motion to Dismiss (ECF No. 17), to which Carnival submitted its Reply (ECF No. 20). Therefore, Carnival's Motion to Dismiss is fully briefed and ripe for adjudication. I have reviewed the Motion to Dismiss, the Response and Reply thereto, the record, and the relevant legal authorities. For the reasons provided herein, Carnival's Motion to Dismiss is granted as to Counts I, IV and V, and denied as to Count III.

### I.    BACKGROUND[1]

On or about July 29, 2013, Richards boarded the Carnival Triumph for a cruise vacation. Compl. ¶¶ 16-18. On August 1, 2013, the cruise ship docked in Cozumel, Mexico

---

[1] These facts are taken from Richard's Complaint (ECF No. 1). *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

where Richards participated in an off-ship excursion. *Id.* ¶ 23. The "ATV Jungle Adventure & Beach" tour was an excursion provided by Defendant Wild Tours SA DE CV ("Wild Tours"), which Richards purchased through Carnival while on board the Carnival Triumph. *Id.* ¶¶ 18-22.

Richards alleges that while participating in the ATV excursion, the ATV "flipped over throwing the Plaintiff off." Compl. ¶ 29. Richards suffered severe injuries after the ATV landed on her left leg, including a fractured femur. *Id*. She maintains that "defective and poorly working brakes" were the cause of the accident, and that she and "at least 2 – 3 other passengers" had alerted the tour operator of the ATV brakes' defective condition. *Id*.

Plaintiff brings counts against Defendant Carnival for Negligence (Count I), Apparent Agency or Agency By Estoppel (Count III), Joint Venture Between Wild Tours And Carnival (Count IV), and Negligent Misrepresentation (Count V).

## II.   LEGAL STANDARDS

### A.   Failure To State A Claim Pursuant to Rule 12(b)(6)

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. at 555).

A court need not accept legal conclusions in the complaint as true.  *See Ashcroft v. Iqbal*, 556 U.S. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. When a plaintiff pleads facts that

2

are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See id.* at 678.

The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, No. 11-23026-CIV, 2012 WL 273086, at *1 (S.D. Fla. Jan. 30, 2012). Therefore, a court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### III.   DISCUSSION

**A.   Failure To State A Claim For Negligence (Count I)**

Count I is a claim for negligence against Carnival. "A negligence claim requires a plaintiff to show that (1) defendants owe plaintiffs a duty, (2) defendants breached the duty, (3) defendants' breach injured plaintiffs, and (4) plaintiffs' damage was caused by the injury to the plaintiff as a result of the defendant's breach of duty." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (internal quotation marks and alterations omitted).

Carnival does not contest that it owed a duty of care to Plaintiff. Indeed, Carnival concedes that "[u]nder general maritime law, the duty of care a shipowner owes its passengers is ordinary, reasonable care under the circumstances." Def.'s Mot. to Dismiss (ECF No. 9) at 3 (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40 (S.D. Fla. 1986)). Carnival, however, contends that the negligence claim fails because Richards is unable to establish the required elements of negligence—namely, that Defendant had a duty under these circumstances, that Defendant breached its duty to her, and that any alleged breach of duty was the proximate cause of her injuries. *See id.* at 3 – 8. I agree.

In her negligence count, Richards alleges a number of acts and omissions that caused Carnival to breach its duty, including: "Failure to provide a safe excursion"; "Failing to properly and adequately inspect, screen, select, and retain the services of its tour operator partner"; "Failing to adequately monitor and supervise its tour operator partner," "Failure to warn the Plaintiff of the dangers and obstacles that would be encountered during the subject shore excursion," "Failing to adequately monitor, supervise and/or inspect its Tour operator partner," "Failing to promulgate, enforce, and/or follow adequate policies and procedures for the inspection and monitoring of the subject excursion," "Failing to ensure

3

that properly trained and supervised persons and equipment used during the subject excursion operations," "Failing to ensure that its Tour operator partner, WILD TOURS, had proper policies and procedures in place," "Failing to fulfill its promises and make good on its representations in which it knew passengers would rely, promises and representations made in its literature, website and verbally to the Plaintiff," "Failing to verify that the subject excursion was "insured, reliable, and reputable;" etc. Compl. at 8 – 9.

This laundry list of allegations does not comport with the applicable standards under federal maritime law. Pursuant to the *Kermarec* "reasonable care under the circumstances" standard, the duty that a common carrier has towards its passengers where the common carrier has a *continuing obligation* for passengers' care is: a "duty to warn of dangers *known* to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. Dist. Ct. App. 1985) (emphasis added). As currently pleaded, Plaintiff has failed to provide a sufficient factual basis that demonstrates that Carnival knew or should have known that the ATV excursion was not safe. Plaintiff alleges a myriad of breaches; however, she has not pleaded *facts* that have adequately triggered Carnival's duty to warn.

Plaintiff's negligence count is therefore dismissed without prejudice. Plaintiff is given leave to amend, provided the above deficiencies are cured.

**B.     Apparent Agency or Agency By Estoppel (Count III)**

Carnival moves to dismiss Plaintiff's claim for apparent agency, arguing that Plaintiff has not set forth enough facts in its support. I disagree. An apparent agency exists where: "(1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal; (2) the third party's belief was reasonable; and (3) the third party reasonably acted on such belief to his detriment." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009) (citing *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005).

Plaintiff's complaint alleges that:

> a. **CARNIVAL** screened and selected which companies, including **WILD TOURS**, that would be their tour operator partners for the provision of excursions to passengers;
> b. **CARNIVAL** negotiated and entered into an agreement with **WILD TOURS** whereby **CARNIVAL** made all the arrangements for the Plaintiff,

4

      **STEPHANIE RICHARDS**, to participate in the subject excursion being run by its tour operator partner, **WILD TOURS**;
      c. **CARNIVAL** marketed on its website, in its literature and aboard its vessels, on behalf of its tour operator partners, including **WILD TOURS**, for which **CARNIVAL** incurred certain expenses and costs;
      d. **CARNIVAL** maintained a dedicated excursion desk on its ship whereby it marketed, offered, sold, provided expert advice and information, answered questions, handled and resolved complaints and refunds, on behalf of its tour operator partners, including **WILD TOURS** for which **CARNIVAL** incurred certain expenses and costs;
      e. **WILD TOURS** provided the equipment and vehicles to be used in the subject excursion;
      f. **CARNIVAL** determined the amount of money charged for the subject excursion being run by its tour operator partner, **WILD TOURS**;
      g. **CARNIVAL** collected the amount of money and charged it to passenger's on-board charge accounts for the subject excursion being run by its tour operator partner, **WILD TOURS**;
      h. **CARNIVAL** paid its tour operator partner, **WILD TOURS**, a portion of ticket price it charged and collected, a portion determined by **CARNIVAL**, for the subject excursion after the subject excursion tickets were sold by **CARNIVAL**;
      i. **CARNIVAL** had the sole discretion to offer and provide refunds to passengers who wished to cancel or were dissatisfied with the subject excursion;
      j. **CARNIVAL** shared in the profits and losses with its tour operator partner, including **WILD TOURS,** for the subject excursion. At all material times, **CARNIVAL** was an agent for **WILD TOURS** in the United States;
      k. **CARNIVAL** employs personnel solely for the purpose of organizing the excursion and passengers going on the excursion, and specifically makes announcements, directs its passengers where to go, takes passengers to the staging area for each excursion, and specifically authorizes its tour operator partners, including **WILD TOURS** when a shore excursion can proceed to leave the area of the vessel.
      l. **CARNIVAL** determined what time an excursion will be completed and what time passengers must return to the vessel.

Compl. at 6 – 7.

      These allegations, if proven, could establish the necessary representations to cause the Plaintiff to reasonably believe that Defendant Wild Tours was an agent of Defendant Carnival. In *Gayou v. Celebrity Cruises*, the court similarly rejected a defendant's arguments against an apparent agency claim stating that "even if the complaint merely pled that 'Celebrity allowed the shore excursion operator to represent itself as Celebrity's agent,'" the

5

apparent agency claim "would not necessarily be foreclosed . . . ." *Gayou v. Celebrity Cruises*, No. 11-23359-CIV, 2012 WL 2049431, at *9 (S.D. Fla. June 5, 2012). The *Gayou* court provided further support with the proposition that "[a]n apparent agency relationship may be created by silence where the 'principal knowingly permits the agent to act as if the agent is authorized,' or 'by acting in a manner which creates a reasonable appearance of an agent's authority[.]'" *Id*. at *10.

At this stage, the Plaintiff has met her pleadings requirement for apparent agency.

C.   **Leave to Amend Counts IV and V**

In response to Carnival's Motion to Dismiss, Plaintiff admits that Counts IV and V are inadequately pleaded and asks leave of this Court to amend to cure those deficiencies. I agree that Counts IV and V are not adequately pleaded.

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend his or her complaint once as a matter of course within twenty-one days after serving it or within twenty-one days after the earlier of service of the responsive pleading or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Thereafter, a plaintiff may amend his or her complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

District courts are encouraged to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *126th Ave. Landfill, Inc. v. Pinellas County, Florida*, 459 F. App'x 896, 897 n.1 (11th Cir. 2012). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182; *see also Patel v. Georgia Dept. BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012).

In the instant matter, there are no apparent, justifiable reasons to deny Plaintiff the opportunity to address the factual deficiencies of her complaint.  Therefore, Plaintiff may amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Accordingly, it is **ORDERED and ADJUDGED** that

1. The Motion to Dismiss is **GRANTED IN PART.** Count I (Negligence Against Carnival), Count IV (Joint Venture Between Wild Tours and Carnival), and Count V (Negligent Misrepresentation Against Carnival) are dismissed without prejudice. Plaintiff is given leave to amend within 10 days of entry of this Order.

2. The Motion to Dismiss is **DENIED IN PART.** Count III (Apparent Agency or Agency by Estoppel Claim Against Carnival) is adequately pleaded.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21st day of April 2015.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*